NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FINALROD IP, LLC, R2R AND D, LLC, DBA SUPEROD,**
*Plaintiffs-Appellants*

**v.**

**JOHN CRANE, INC., JOHN CRANE PRODUCTION SOLUTIONS, INC., ENDURANCE LIFT SOLUTIONS INC.,**
*Defendants-Appellees*

---

2020-1865

---

Appeal from the United States District Court for the Western District of Texas in No. 7:15-cv-00097-ADA, Judge Alan D. Albright.

---

Decided: March 1, 2021

---

JOHN DAVIS HOLMAN, Matthews, Lawson, McCutcheon & Joseph, PLLC, Houston, TX, argued for plaintiffs-appellants. Also represented by TERRY JOSEPH, DAVID LODHOLZ.

TIMOTHY J. CARROLL, Dentons US LLP, Chicago, IL, argued for defendants-appellees. Also represented by RICHARD FENTON.

2                              FINALROD IP, LLC v. JOHN CRANE, INC.

---

Before PROST, *Chief Judge*, CLEVENGER and HUGHES,
*Circuit Judges*.

PROST, *Chief Judge*.

Plaintiffs-Appellants Finalrod IP, LLC and R2R and D,
LLC, dba Superod (collectively, "Superod") sued Defend-
ants-Appellees John Crane, Inc., John Crane Production
Solutions, Inc., and Endurance Lift Solutions Inc. (collec-
tively, "John Crane") for patent infringement. Superod al-
leged that John Crane's Series 200 end fitting ("S200") and
Series 300 end fitting ("S300") each infringe U.S. Patent
Nos. 9,045,951 and 9,181,757.

The district court granted two *Daubert* motions filed by
John Crane: (1) a motion to exclude Mr. Hetmaniak, Su-
perod's technical expert, from testifying as to whether the
S200 or S300 meets four of the disputed limitations (collec-
tively, "the four limitations")[1] and as to whether the S300
meets the compressive-forces limitation; and (2) a motion
to exclude Mr. Reading, one of Superod's damages experts,
from testifying as to reasonable royalty damages pertain-
ing to the S300. In view of these rulings, the parties stip-
ulated to a final judgment of noninfringement. *See* J.A. 1.
This appeal followed. We have jurisdiction under 28 U.S.C.
§ 1295(a)(1).

## DISCUSSION

On appeal, Superod challenges the district court's rul-
ings on both motions. "Whether proffered evidence should

---

[1]    The four limitations include that the devices "com-
pensate for the back pressure associated with the sucker
rod," that the wedge-shaped design "define[s] a . . . distri-
bution of force," the "ratio" limitations, and the "obtuse"
limitation. *See* J.A. 3005–14.

be admitted in a trial is a procedural issue not unique to patent law, and therefore we review the district court's decision whether to admit expert testimony under the law of the regional circuit," here the Fifth Circuit. *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1390–91 (Fed. Cir. 2003). The Fifth Circuit "reviews the admissibility of expert testimony for abuse of discretion." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 561 (5th Cir. 2004).

We conclude that the district court abused its discretion in only one respect: it failed to articulate an explanation for its ruling in excluding Mr. Hetmaniak's testimony pertaining to the four limitations. *See, e.g.*, *Certain Underwriters at Lloyd's, London v. Axon Pressure Prods. Inc.*, 951 F.3d 248, 269–70 (5th Cir. 2020); *see also City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1069 (9th Cir. 2017) (explaining that "a district court abuses its discretion when it fails to provide any analysis or explanation for its decision regarding expert testimony under *Daubert*" (internal quotation marks omitted)); *Chao v. Gunite Corp.*, 442 F.3d 550, 559 (7th Cir. 2006) ("We have said that a court excluding expert testimony must articulate with reasonable specificity the reasons why it believes the testimony is insufficiently reliable to qualify for admission, because otherwise the lack of such explication makes it difficult (or impossible) for us meaningfully to review the court's decision." (internal quotation marks omitted)); *Rodriguez v. Riddell Sports, Inc.*, 242 F.3d 567, 581 (5th Cir. 2001) (explaining that "the court must articulate its basis for admitting expert testimony"). Under the circumstances of this case, the appropriate course of action is to vacate the district court's exclusion of such testimony and remand for the court to "examine afresh the admissibility of [the] expert testimony and give reasons for its decision." *See Lloyd's*, 951 F.3d at 270.

The district court did not abuse its discretion in reaching any of its other determinations raised on appeal.

Accordingly, we affirm the district court's rulings in all other respects.

## AFFIRMED-IN-PART, VACATED-IN-PART, AND REMANDED

COSTS

No costs.